<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GETA DAMIAN | : | |
| and | : | |
| VALENTIN DAMIAN, | : | |
| Plaintiffs, | : | |
| | : | Case No. 3:19-cv-13619-BRM-LHG |
| v. | : | |
| | : | **OPINION** |
| GABRIEL MIRESCU | : | |
| and | : | |
| LILIANA MIRESCU, | : | |
| Defendants. | : | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is the Second Motion to Dismiss (ECF No. 16) filed by Defendants Gabriel Mirescu and Liliana Mirescu (collectively, "Defendants"). Plaintiffs Geta Damian and Valentin Damian (collectively, "Plaintiffs") oppose the motion. (ECF No. 17.) Having reviewed the parties' submissions filed in connection with the motion and having declined to hear oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Defendants' motion is **GRANTED**. This case is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Defendants are both citizens of New Jersey. (ECF No. 15 ¶ 11.) Plaintiffs, a married couple, are both citizens of New York. (ECF No. 15 ¶¶ 1, 7.)

Defendants employed Geta Damian as a domestic worker between July 2014 and October 6,

2018.  (ECF No. 15 ¶¶ 9, 21.)  Defendants employed Valentin Damian whenever Geta Damian took off.[1]  (ECF No. 15 ¶ 10.)  "Plaintiffs . . . were not paid separately but together were paid five thousand dollars ($5000) per month in exchange for" the work of both Plaintiffs.  (ECF No. 15 ¶ 66.)

Geta Damian worked an average of 17 hours per day, every day of the week (for a weekly total of 119 hours per week), except on the days Valentin Damian covered for her.  (ECF No. 15 ¶ 23, 28.)  For the 918 days (or, put another way, 131 weeks) between April 2, 2017 and October 6, 2018 (inclusive), this amounts to 15,606 hours worked by either Geta Damian or Valentin Damian.

Plaintiffs filed this action against Defendants on April 2, 2019 in the U.S. District Court for the Southern District of New York.  (ECF No. 1.)  By agreement of the parties, the case was transferred to this Court on June 10, 2019.  (ECF No. 9.)  On August 6, 2019, this Court granted Defendants' motion to dismiss for lack of subject matter jurisdiction but permitted Plaintiffs to file an amended complaint demonstrating the existence of complete diversity.  (ECF No. 14.)  Plaintiffs filed an amended three-count complaint approximately two weeks later, alleging two violations of New Jersey's Wage and Hour Law—one count for failure to pay minimum wage, and a second count for failure to pay overtime wages.  (ECF No. 15 ¶¶ 71-79.)

## II.    LEGAL STANDARD

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).  In a case with multiple plaintiffs and defendants, "no plaintiff can be a citizen of the same state as any of the defendants."  *Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003).

The party invoking diversity jurisdiction bears the burden of demonstrating the existence of

---

[1] The Amended Complaint indicates that Geta Damian "took off for" multiple "twenty four (24) hour periods," multiple "thirty two (32) hour periods," and multiple "forty eight (48) hour periods" during the relevant time period, but does not indicate how many hours during those periods were working hours for which Valentin Damian substituted for her.  (ECF No. 15 ¶¶ 49-64.)

diversity jurisdiction, including that the amount in controversy exceeds $75,000. *See Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 506-07 (3d Cir. 2014). "But that burden is not especially onerous," because "the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Auto-Owners Ins. Co. v. Stevens & Ricci, Inc.*, 835 F.3d 388, 395 (3d Cir. 2016) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)).

### III.   DECISION

Defendants argue that this case fails to meet the $75,000 amount in controversy required for diversity jurisdiction. *See* 28 U.S.C. § 1332(a). Plaintiffs argue "[t]heir collective unpaid overtime and minimum wage compensatory damage alone well exceeds $75,000.00." (ECF No. 17, at 6. Importantly, Plaintiffs do not contend that any other amounts—such as liquidated damages or attorney fees—are in controversy.

As detailed below, the Court finds that the amount of unpaid overtime and minimum wage compensatory damages in controversy amounts to $50,095.71. Because Plaintiffs do not contend that there is any other source of damages in controversy that could push this case past the $75,000 jurisdictional threshold, the Court lacks subject matter jurisdiction and must dismiss this case without prejudice.

#### A.   Statute of Limitations

Plaintiffs seek to recover only those damages "within the applicable statute of limitations period." (ECF No. 15 ¶¶ A-C, at 9-10.) The Court assumes without deciding that the statute of limitations bars Plaintiffs from recovering any damages suffered prior to April 2, 2017.

Although for decades the statute of limitations for New Jersey Wage and Hour Law claims had required a plaintiff to file an action within two years after a claim arose, the New Jersey Legislature amended the statute of limitations effective August 6, 2019, increasing the time to file an action from two years to six years after the claim arose. *Compare* L. 1961, c. 216, § 1 (two years) *with* L. 2019,

c. 212, § 5 (six years).

Neither party discusses whether the increased, six-year statute of limitations applies in this case, where the statutory increase became effective four months after Plaintiffs filed this case on April 2, 2019 but a month before Defendants filed their motion to dismiss on September 10, 2019. Both parties assume the two-year statute of limitations governs. (ECF No. 16-2, at 7; ECF No. 17, at 7.) Plaintiffs specifically limit their pleading to damages within the relevant statute of limitations period. (ECF No. 15 ¶¶ A-C.) Accordingly, the Court assumes without deciding that the only damages which count toward the amount in controversy are those damages incurred on or after April 2, 2017.

### B.      Liquidated Damages

Plaintiffs seek liquidated damages. (ECF No. 15 ¶ C, at 9-10.) Until recently, the New Jersey Wage and Hour Law did not allow for recovery of liquidated damages. *See, e.g.*, *Lurty v. 2001 Towing & Recovery, Inc.*, Civ. No. 18-6302, 2019 WL 3297473, at *5 n.6 (D.N.J. July 23, 2019). Effective August 6, 2019, the New Jersey Legislature amended the law to allow for liquidated damages in certain circumstances. *Compare* L. 1966, c. 113, § 26, *with* L. 2019, c. 212, § 4.

As noted above, neither party discusses whether the new statutory language applies to cases like this one, filed (on April 2, 2019) before the effective date of the statutory amendment (on August 6, 2019). Even if the amendment does apply to this case, neither party discusses whether Plaintiffs meet the requirements to recover liquidated damages. Accordingly, the Court does not add any potentially recoverable liquidated damages to the amount in controversy.

### C.      Overtime Wages

Taking the facts in the Amended Complaint as true, Plaintiffs are entitled to $50,095.71 in unpaid overtime wages.[2] The Court must include these claimed damages as part of the amount in

---

2   This Court recognizes that "[o]nly claims, whether related or unrelated, of a single plaintiff against a single defendant may be aggregated" for purposes of determining the amount in controversy. *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002). Plaintiffs insist their claims fall into an exception, and that the Court must aggregate both Plaintiffs' claims when determining the amount in controversy. (ECF No. 17, at 5.) Because aggregation does not affect the outcome, the

controversy.

Employers must "pay each employee not less than 1 1/2 times such employee's regular hourly rate for each hour of working time in excess of 40 hours in any week." N.J. Stat. Ann. § 34:11-56a4(b)(1). For the purpose of calculating overtime pay, "the regular hourly wage of an employee is determined by dividing his or her total remuneration for employment, exclusive of overtime premium pay, in any workweek, by the total number of hours worked in that workweek for which such compensation was paid." N.J. Admin. Code § 12:56-6.5(b).

Plaintiffs collectively worked 119 hours per week, and collectively earned a weekly wage of $1150.68.[3] Dividing the $1150.68 weekly wage by the 119 hours worked per week—as required by the regulation—reveals an hourly wage of $9.67.[4] Of the 119 hours Plaintiffs collectively worked each week, Defendants were required to pay Plaintiffs that wage of $9.67 per hour for the first 40 hours ($386.80 total each week) and 1.5 times that hourly rate—$14.51 per hour—for each of the 79 hours subsequent hours ($1146.29 total each week). In other words, Plaintiffs were entitled to $1533.09 each week: $386.80 in regular pay and $1146.29 in overtime pay.

Of the $1533.09 Plaintiffs should have received each week, they actually received only $1150.68 each week, resulting in a weekly underpayment of $382.41. Multiplying this weekly underpayment of $382.41 by the 131 weeks between April 2, 2017 and October 6, 2018 (inclusive)

---

Court assumes without deciding that it must determine the amount in controversy by aggregating both Plaintiffs' claims.

3  Defendants paid Plaintiffs $5,000 per month, none of which was overtime premium pay. Multiplying the $5,000 monthly salary by the 12 months in a year reveals Plaintiffs' annual wage of $60,000/year. Dividing this $60,000 annual wage by the 365 days in a year reveals the daily wage figure of $164.38. Multiplying this $164.38 daily wage by the 7 days in a week reveals the weekly wage figure of $1150.68.

4  The Court rejects Plaintiffs' request to calculate their hourly wage in a manner inconsistent with § 12:56-6.5(b) of the New Jersey Administrative Code. The Court likewise rejects Plaintiffs' request to calculate the wages of each Plaintiff separately, because doing so would require the Court to ignore the language of the Amended Complaint. (ECF No. 15 ¶ 66.)

reveals that Defendants owe Plaintiffs $50,095.71 in unpaid overtime wages. This amount counts toward the amount in controversy.

### D. Minimum Wage

Because Plaintiffs' wages exceeded the relevant minimum wage, Plaintiffs are not entitled to damages for unpaid wages less than the minimum wage. No such damages factor into the amount in controversy.

As previously discussed, *see* part III.C., *supra*, Plaintiffs earned an hourly rate of $9.67. Between April 2, 2017 and October 6, 2018 (inclusive), New Jersey's minimum wage never exceeded $8.60. (ECF No. 16-1, Ex. A.) Because Plaintiffs' wages exceeded the relevant minimum wage, Plaintiffs are not entitled to damages for unpaid wages less than the minimum wage. Accordingly, no such damages factor into the amount in controversy.

### E. Attorney Fees

Plaintiffs request attorney fees. (ECF No. 15 ¶ D.) The New Jersey Wage and Hour Law permits a Plaintiff to recover attorney fees. *See* N.J. Stat. Ann. § 34:11-56a25. When attorney fees are recoverable, the potential recovery counts toward the amount in controversy. *See Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997).

However, neither party provides the Court with any basis on which to estimate the level of attorney fees in controversy in this case. Accordingly, the Court does not add any potentially recoverable attorney fees to the amount in controversy.

### F. Costs and Interest

Plaintiffs also request this Court award costs and interest. (ECF No. 15 ¶¶ D-E.) These amounts cannot contribute to the amount in controversy. *See* 28 U.S.C. § 1332(a).

### IV. CONCLUSION

The amount in controversy in this case fails to exceed the $75,000 threshold. The facts in the Amended Complaint demonstrate Plaintiffs' entitlement to $50,095.71 in unpaid overtime wages but

not to any unpaid minimum wage.  The record is insufficient for the Court to determine the amount of attorney fees or liquidated damages (if any) in controversy.  Costs and interest do not count toward the $75,000 jurisdictional threshold.  Neither party points to any other source of damages contributing to the amount in controversy.  Accordingly, the amount in controversy in this case does not exceed $75,000 and this case does not qualify for diversity jurisdiction.  *See* 28 U.S.C. § 1332(a).

For the reasons set forth above, Defendants motion to dismiss this case is **GRANTED**. The case is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.  An appropriate order accompanies this opinion.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated:  April 16, 2020